Dated: January 29, 2016

The following is ORDERED:



*Signature*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

SAMUEL TODD JEWELL,                     Case No. 14-80744-TRC
                                                          Chapter 11

                Debtor.

**ORDER DENYING DEBTOR'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

     Before the Court is Debtor Samuel Todd Jewell's Motion for Partial Summary Judgment against the Oklahoma Tax Commission and Brief in Support (Docket Entry 248), Response and Brief in opposition filed by the Oklahoma Tax Commission ("OTC") (Docket Entry 259), and Jewell's Reply (Docket Entry 261). After considering the arguments, pleadings, and applicable law, for the reasons stated herein, the Court finds that the Motion should be denied.

**Review of Uncontroverted Facts**

Jewell and the OTC agree as to the essential facts here, but disagree as to the legal ramifications. The relevant undisputed facts are that Jewell filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 29, 2014. His Statement of Financial Affairs listed his interest in twelve nursing home and residential care corporations. He admits that he is or was the president and sole shareholder of each of these twelve corporations, and that he submitted withholding tax reports to the OTC on behalf of each entity after he filed his bankruptcy petition. The OTC filed Proof of Claim 1-1 for Jewell's personal taxes, which claim is not the subject of Jewell's Motion here. The OTC filed another Proof of Claim for delinquent withholding taxes on the entities owned and operated by Jewell listed in the SFA and for which he filed withholding tax reports. This claim, as amended, Proof of Claim 4-3, is for $791,339.18, of which $696,214.05 was claimed as priority, $252.00 as secured, and $94,873.13 as unsecured, non-priority.[1] The OTC has never issued a proposed assessment of taxes regarding these entities to Jewell notifying him of his personal liability for the withholding taxes, penalties or interest. Jewell filed objections to the OTC's Proofs of Claim 1-1 and 4-3. Consideration of these claims and Jewell's objections has been stayed pending a decision on this Motion for Partial Summary Judgment.

**Legal Analysis**

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Jewell seeks summary judgment on the validity of the OTC's Proof of Claim 4-3. He argues that under Oklahoma law the OTC was

---

[1] Proof of Claim 4-1 was filed originally seeking $1,150,232.79. The OTC subsequently amended its claim, reducing the amount.

required to issue an assessment against him for the withholding taxes and exhaust administrative remedies before he can be held personally liable for the taxes included in Proof of Claim 4-3. Since it has not done so, or until it decides to initiate such a process, Proof of Claim 4-3 should be disallowed. The OTC argues that Oklahoma law does not require it to engage in an assessment process. It says that Jewell's liability for the withholding taxes is based on the returns he filed and his responsibility for the withholding taxes as corporate officer of the entities. The Court believes that the OTC's position is correct.

Section 505(a)(1) of the Bankruptcy Code states that this Court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Here, the Court believes that liability for the withholding taxes exists independent of an assessment. *See Goldston v. United States (In Re Goldston)*, 104 F.3d 1198, 1199-1200 (10th Cir. 1997). Both parties cite OKLA. STAT. tit. 68, § 2385.3, which mandates that every employer required to deduct and withhold taxes shall pay the amount withheld to the OTC, and file quarterly returns. Any sum that is withheld shall be deemed to be held in trust for the State of Oklahoma, and the employer s a trustee with a fiduciary duty to the State regarding the sums withheld and is liable for the payment of funds held in trust. § 2385.3(E); OKLA. ADMIN. CODE § 710:90-5-1. An employer as defined in the Oklahoma Administrative Code includes an officer or employee of a partnership who is under a duty to act for a corporation or partnership to withhold and remit. OKLA. ADMIN. CODE § 710:90-1-2. Personal liability for the withholding tax shall be determined in accordance with the standards for determining liability for payment of federal withholding tax pursuant to the Internal Revenue Code of 1986. OKLA. STAT. tit. 68, § 253(C).

Pursuant to these statutory and administrative provisions, liability is based upon the statutory duty to withhold and remit taxes, and arises when the taxes are withheld and due to be remitted.[2] Liability is not dependent upon a taxing authority initiating an investigation, an audit, a proposed assessment, and subsequent administrative procedure. The process of issuing a written, proposed assessment as suggested by Jewell is only required under Oklahoma law, OKLA. STAT. tit. 68, § 221(A), where no return has been filed, or where a return has been filed but the OTC believes the tax disclosed is less than what is due. These are not the facts here. After filing bankruptcy, Jewell filed the required withholding tax reports which indicated the amount of withholding taxes due on the entities owned and operated by him. Based upon these reports, the OTC filed its Proof of Claim. Even if an assessment was required, this Court believes that the OTC could still seek to collect the taxes from Jewell based upon the filed returns by filing a proof of claim in Jewell's bankruptcy. A void or improper assessment does not wipe out a taxpayer's liability for the tax or invalidate the OTC's claim. *See Goldston*, 104 F.3d at 1201. *See also*; OKLA. STAT. tit. 68, § 215.[3]

Jewell's reliance on assessment procedures outlined in OKLA. STAT. tit. 68, § 221 leaves out a critical part of the statutory language. Section 221 begins with "If" any taxpayer fails to make a report or file a return, then the administrative process of written assessments is triggered.

---

[2] *See e.g. In re Clark*, 2012 WL 1835181, at *2 (Bankr. E.D.N.C. May 18, 2012)("In the context of payroll or employment taxes, case law supports that the taxes 'become payable' when they are 'withheld and not remitted'….")

[3] This statute provides: "[T]axes, fees, interest, and penalties imposed …by any State tax law …may be collected in the same manner as a personal debt of the taxpayer to the State of Oklahoma, recoverable in any court of competent jurisdiction in any action in the name of the State of Oklahoma, on relation of the Oklahoma Tax Commission. Such suit may be maintained and prosecuted, and all proceedings taken, to the same effect and extent as for the enforcement of a right of action for debt. All provisional remedies available in such actions shall be, and are hereby made, available to the State of Oklahoma in the enforcement of the payment of any state tax."

Or, if a return is filed but the amount is less than the OTC thinks is due, then the administrative process is employed. Indeed, the case he cites, *State ex rel. Oklahoma Tax Comm'n v. Texaco Expl. & Prod., Inc.,* 131 P.3d 705, 709 (Okla. 2005), recognizes that § 221 outlines an administrative process for examining and correcting self-assessed tax reports and returns and requires the issuance of proposed assessments when it thinks additional taxes are due. The relevant issue in *Texaco* was whether the OTC could forego the administrative assessment process outlined in §221 and file suit to determine tax liability where it believed that the taxpayer underreported and underpaid gross production and petroleum excise taxes. The Court held that it could not. However, because the OTC alleged that the taxpayer filed false and fraudulent returns, another statute - OKLA. STAT. tit. 68, § 223(C) – afforded jurisdiction to file a state court action against the taxpayer without first issuing an assessment. Jewell relies on select portions of the *Texaco* opinion to argue that collection of taxes is an either/or proposition: to collect these withholding taxes, the OTC must have either initiated an administrative assessment proceeding under OKLA. STAT. tit. 68, § 221, or it must allege failure to file a report or that the reports filed were false or fraudulent and proceed under § 223(C). Since it did neither, it cannot collect the withholding taxes from Jewell. However, this is not the holding of *Texaco.* It was only concerned with the particular of facts of its case and found subject matter jurisdiction in the state court under § 223(C). Section 223 contains the statute of limitations regarding the assessment of taxes by the OTC, proceedings by tax warrant or to initiate court proceedings, as well as situations where the limitations period may be extended. Where returns are not filed, or are false or fraudulent, the OTC may assess or file suit without regard to the limitations period. Subparagraph A of § 223 recognizes that an assessment is not required to trigger the statute of limitations: "No assessment

shall be required if a report or return, signed by the taxpayer, was filed and the liability evidenced by the report or return has not been paid." The Court does not find *Texaco* to be dispositive here.

Likewise, Jewell misconstrues OKLA. STAT. tit. 68, § 253(A). That statute only requires that the OTC file a proposed assessment against individuals personally liable for unpaid withholding taxes "when" the OTC has already filed a proposed assessment against a corporation or other legal entity for unpaid withholding taxes. It does not state, as Jewell argues, that the OTC must file a proposed assessment against Jewell before his liability for the taxes arises. As no proposed assessment has been made, § 253(A) is not applicable.

Jewell disputes his personal liability for the withholding taxes identified in Proof of Claim 4-3 because the OTC failed to assess him for those taxes. The Court's ruling is that the OTC was not required to assess him for those taxes in the manner he describes. As the Court has discussed, when a taxpayer prepares, signs, and files a return or report, it essentially self-assesses the tax it believes is due. The OTC may issue a proposed assessment if it believes the self-assessed tax amount is inaccurate or where the taxpayer does not file a return. But, it is not required to issue a proposed assessment where Jewell has filed returns and its Proof of Claim is based on those returns. Jewell is not entitled to judgment as a matter of law on this issue.

IT IS THEREFORE ORDERED that Jewell's Motion for Partial Summary Judgment with Brief in Support (Docket Entry 248) is **denied.**

IT IF FURTHER ORDERED that Jewell's Objection to Proof of Claim of Oklahoma Tax Commission (Claim No. 1-1) (Docket Entry 215), Jewell's Objection to Proof of Claim of Oklahoma Tax Commission (Claim No. 4-3) (Docket Entry 216), and the Responses of the Oklahoma Tax Commission thereto (Docket Entries 221 and 223) are hereby set for evidentiary hearing on **February 24, 2016 at 9:00 a.m.,** Courtroom 215, U.S. Post Office & Courthouse, 4th

& Grand Okmulgee OK 74447. Exhibit and witness lists are due on or before **February 18, 2016.** Counsel shall exchange/file Witness Lists and Exhibit Lists. Simultaneously, counsel shall provide all copies of the exhibits to opposing counsel and two copies to the Judge. Copies of the exhibits shall be accepted by the Court Recording Deputy upon introduction and admission and will not be returned.

###